Andrew J. Gramajo, CA # 338144
AJG LAW GROUP, PC.
25A Crescent Dr. #402
Pleasant Hill, CA 94523
T:(415) 638-9140
E: Andrew@Ajglawgroup.us

*Attorneys for Plaintiff*
*Joseph E. Rutland*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH E. RUTLAND,<br><br>Plaintiff,<br><br>v.<br><br>EQUIFAX INFORMATION SERVICES, LLC, EXPERIAN INFORMATION SOLUTIONS, INC., TRANS UNION LLC, SYSTEM & SERVICES TECHNOLOGIES, INC.;<br><br>Defendants. | Case No.: '26CV0164 W    BJW<br><br>**COMPLAINT**<br>**JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiff Joseph E. Rutland ("Plaintiff"), by and through the undersigned counsel, brings this action against Equifax Information Services, LLC ("Equifax"); Experian Information Solutions, Inc. ("Experian"); Trans Union, LLC ("Trans Union") (collectively, the "CRA Defendants"); and System Services Technologies, Inc. ("SST"); (all defendants collectively, "Defendants"), and states as follows:

1

**INTRODUCTION**

1.    This is an action to recover damages for violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* ("FCRA").

**PARTIES**

2.    Plaintiff Joseph E. Rutland resides in Bonsall, California, and is a "consumer" as that term is defined in 15 U.S.C. § 1681a(c).

3.    Equifax is a consumer reporting agency that maintains its principal place of business at 1550 Peachtree Street, N.W., Atlanta, Georgia 30309. Equifax can be served through its registered agent, Corporation Service Company, located at 2 Sun Court, Suite 400, Peachtree Corners, Georgia 30092.

4.    Experian is a consumer reporting agency that maintains its principal place of business at 475 Anton Boulevard, Costa Mesa, California 92626. Experian can be served through its registered agent, C T Corporation System, located at 330 North Brand Boulevard, Glendale, California 91203.

5.    Trans Union is a consumer reporting agency that maintains its principal place of business at 555 West Adams Street, Chicago, Illinois 60661. Trans Union can be served through its registered agent, Illinois Corporation Service Company, located at 801 Adlai Stevenson Drive, Springfield, Illinois 62703.

6.    SST is a financial institution and "furnisher" of credit information headquartered at 5161 California Ave., Suite 100, Irvine, CA 92617. SST can be

served through its registered agent, 1505 Corporation Registered Agent Solution, Inc., located at 720 14th St, Sacramento, CA 95814.

## JURISDICTION AND VENUE

7.     Jurisdiction of this Court arises under 28 U.S.C. § 1331 and 15 U.S.C. § 1681p.

8.     Venue is proper in this District under 28 U.S.C. § 1391(b)(2).

## FACTS

**Plaintiff's Modified Payment Agreement with Goldman Sachs and Subsequent Transfer of Loan Servicing to SST**

9.     On April 13, 2022, Plaintiff entered into a personal loan agreement with Marcus by Goldman Sachs.

10.     Under the original loan agreement, Plaintiff was required to make monthly payments in the amount of $763.81, which were paid through recurring ACH withdrawals automatically debited by Goldman Sachs from Plaintiff's Wells Fargo account on each scheduled due date.

11.     In or around December 2023, Goldman Sachs agreed to reduce Plaintiff's monthly payment to around $381.95 going forward.

12.     On December 8, 2023, Goldman Sachs successfully withdrew the reduced payment amount of $382.00 from Plaintiff's bank account, confirming the new payment amount.

13.     On December 11, 2023, Plaintiff received a letter from Systems &

Services Technologies Inc. ("SST") stating that effective December 11, 2023, servicing of Plaintiff's loan had been transferred from Goldman Sachs to SST. The transfer notice expressly stated that the servicing transfer would not affect the terms and conditions of Plaintiff's loan agreement.

14.    Plaintiff had not received prior notice of this transfer from Goldman Sachs.

15.    On December 28, 2023, SST sent Plaintiff an account statement claiming that Plaintiff owed a total amount due of $3,055.24 and was past due in the amount of $2,291.43.

16.    The statement further listed a scheduled monthly payment of $763.81, contrary to the reduced payment amount of around $382.00 previously agreed upon and implemented by Goldman Sachs prior to the servicing transfer.

17.    Plaintiff was confused and alarmed, as the statement directly contradicted the modified payment arrangement of $382.00. This discrepancy led Plaintiff to reasonably believe that the information was inaccurate and sent in error.

18.    Despite the discrepancy, on January 11, 2024, SST withdrew $381.95 from Plaintiff's bank account. SST continued to withdraw similar amounts in February, March, and April 2024, consistent with the modified payment agreement.

19.    Although SST accepted these payments, it nonetheless reported the account as past due and charged off.

20.     On April 30, 2024, SST closed Plaintiff's account. Nevertheless, on May 21, 2024, SST still withdrew $381.95 from Plaintiff's bank account.

21.     Around this same period, Plaintiff discovered that SST was reporting the account to the CRA Defendants as charged off with an outstanding balance of $11,508, despite Plaintiff's continued compliance with the modified payment terms and without any prior notice of default or acceleration.

22.     The account was inaccurately reported as follows:

a. Account Name: SST
Account Number: 4517XXXX
Balance: $11,508
Date Opened: 04/13/2022
Status: Account charged off; $12,392 written off; $11,508 past due as of May 2024

23.     In or around May 2024, Plaintiff contacted SST and requested that the AutoPay be discontinued since SST was not accurately reporting his payments.

24.     In a letter dated June 28, 2024, SST confirmed that the ACH payment had been cancelled.

**Plaintiff's Disputes to SST Directly**

25.     On October 28, 2024, December 30, 2024, and February 3, 2025, concerned about the potential consequences of SST's inaccurate reporting, Plaintiff repeatedly disputed the delinquencies and charge-off status directly with SST. Plaintiff also requested that the closed account be reinstated and reported as open and current.

5

26.     Plaintiff attached all the necessary supporting documents to confirm his identity and current address to support his dispute.

27.     Despite Plaintiff's repeated disputes, Defendant SST has failed to respond to any of them.

28.     Moreover, Defendant SST has failed to correct the inaccurate account status and its reporting.

29.     Upon information and belief, Defendant SST failed to review all relevant information provided by Plaintiff regarding his dispute tendered on October 28, 2024, December 30, 2024, and February 3, 2025.

**Plaintiff's Disputes with the Consumer Reporting Agencies**

30.     On October 28, 2024, and December 30, 2024, extremely shocked, surprised, and embarrassed at Defendants' inaccurate reporting, Plaintiff disputed via certified mail the charge-off status along with any delinquencies on the payment history, the past due balance of $11,508, the charge-off amount of $12,392, and the Date of First Delinquency: Nov 2023.

31.     Plaintiff requested that the CRA Defendants correct the disputed information and send her a corrected copy of her credit report.

**Equifax Fails to Perform a Reasonable Reinvestigation**

32.     Despite Plaintiff's repeated disputes, Equifax has failed to respond to any of them.

6

33.     On April 22, 2025, Plaintiff obtained an updated Equifax report through Credit Karma. Equifax updated only the last payment date but continues to report the disputed account as charged off and the account status as closed.

34.     Upon information and belief, Equifax failed to adequately review all of the information provided to it by Plaintiff in support of Plaintiff's dispute.

35.     Upon information and belief, Equifax failed to conduct a reasonable reinvestigation of Plaintiff's October 28, 2024 and December 30, 2024, disputes.

36.     Thereafter, Equifax failed to correct the inaccurate account status and information appearing in Plaintiff's credit file.

37.     Equifax failed to conduct a reasonable reinvestigation of Plaintiff's October 28, 2024 and December 30, 2024, dispute, or any reinvestigation whatsoever, to determine whether the disputed information is inaccurate and record the current status of the disputed information, in violation of 15 U.S.C. § 1681i(a)(1)(A).

**Experian's Unreasonable Reinvestigation**

38.     Plaintiff received no response to Plaintiff's first dispute.

39.     On February 4, 2025, Experian responded to Plaintiff's second dispute, verified the information as accurate, and reflected only the updated last payment date of May 2024 and the payment amount of $382, without correcting the other inaccuracies or the charged-off status.

40. Upon information and belief, Experian failed to adequately review all of the information provided to it by Plaintiff in support of Plaintiff's dispute.

41. Upon information and belief, Experian failed to conduct a reasonable reinvestigation of Plaintiff's October 28, 2024 and December 30, 2024, dispute.

42. Thereafter, Defendant Experian failed to correct the inaccurate account status and information appearing in Plaintiff's credit file.

43. Experian failed to conduct a reasonable reinvestigation of Plaintiff's October 28, 2024, and December 30, 2024, dispute, or any reinvestigation whatsoever, to determine whether the disputed information is inaccurate and record the current status of the disputed information, in violation of 15 U.S.C. § 1681i(a)(1)(A).

### Trans Union's Unreasonable Reinvestigation

44. On February 8, 2025, in response to Plaintiff's third dispute, TransUnion verified the disputed information as accurate and updated the last payment date.

45. On April 1, 2025, Plaintiff obtained an updated TransUnion credit report from ACR showing no changes other than the last payment date.

46. Similarly, on April 22, 2025, Plaintiff obtained another TransUnion report through Credit Karma, which again reflected no changes except for the last payment date.

47. Upon information and belief, Trans Union failed to adequately review all of the information provided to it by Plaintiff in support of Plaintiff's dispute.

48. Upon information and belief, Trans Union failed to conduct a reasonable reinvestigation of Plaintiff's October 28, 2024, December 30, 2024, and February 3, 2025 disputes.

49. Thereafter, Trans Union failed to correct the inaccurate account status and information appearing in Plaintiff's credit file.

50. Trans Union failed to conduct a reasonable reinvestigation of Plaintiff's October 28, 2024, December 30, 2024, and February 3, 2025 dispute, or any reinvestigation whatsoever, to determine whether the disputed information is inaccurate and record the current status of the disputed information, in violation of 15 U.S.C. § 1681i(a)(1)(A).

**SST's Unreasonable Dispute Investigation**

51. Upon information and belief, Defendant SST received Plaintiff's disputes from the CRA Defendants after each dispute.

52. Upon information and belief, Defendant SST verified the disputed information as accurate each time, without performing an adequate investigation into the facts.

53. Defendant SST violated 15 U.S.C. § 1681s-2b by failing to conduct a reasonable investigation with respect to the disputed information, failing to review

all relevant information available to it, and failing to modify, delete, or permanently block the disputed information that was inaccurate, incomplete or unverifiable.

54.     SST was on notice of its erroneous reporting because Plaintiff disputed directly with SST.

55.     Plaintiff reasonably believes that SST continued to furnish data to the national credit bureaus inaccurately suggesting that Plaintiff was delinquent on a payment obligation owed to SST.

56.     Plaintiff reasonably believes that Defendants continued to publish that Plaintiff was delinquent on a payment obligation owed to Defendant SST.

57.     As a result of the inaccurate account status and information, and despite Plaintiff's full compliance with the modified payment agreement and repeated disputes, Defendants made it practically impossible for Plaintiff to continue to obtain credit.

58.     On a phone call with the Plaintiff, SST acknowledged that Plaintiff has a valid payment plan and only owes around $382.00 per month on the account.

**Plaintiff's Damages**

59.     Plaintiff has suffered concrete financial harm as a result of Defendants' inaccurate credit reporting.

60.     On May 20, 2025 Plaintiff submitted a credit card application with Capital One, which was subsequently denied.

61.   In addition, approximately six months ago, Plaintiff applied for an auto loan to finance car repairs, which was likewise denied.

62.   These denials were directly caused by the inaccurate and damaging reporting of Plaintiff's account, resulting in lost credit opportunities and financial harm.

63.   Plaintiff also disclosed the credit reporting issue to his wife, who has been actively assisting him in gathering documentation. The inaccurate and damaging reporting has caused significant emotional distress and financial hardship for Plaintiff and his family.

64.   With their apartment lease termination date approaching, the negative credit reporting has made it effectively impossible for them to relocate without incurring a substantially higher security deposit, exacerbating stress and anxiety and placing a tangible burden on Plaintiff's family life and financial stability.

65.   At all relevant times, Defendants were acting by and through their agents, servants, and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of the Defendants herein.

66.   At all relevant times, the conduct of Defendants, as well as that of their respective agents, servants, and/or employees, was intentional, willful, reckless, grossly negligent and in utter disregard for federal law and the rights of Plaintiff.

11

67.     As a standard practice, the CRA Defendants do not conduct independent investigations in response to consumer disputes. Instead, they merely parrot the response of the credit furnisher despite numerous court decisions admonishing this practice. *See Cushman v. Trans Union Corp.*, 115 F.3d 220, 225 (3d Cir. 1997); *Apodaca v. Discover Fin. Servs.*, 417 F. Supp. 2d 1220, 1230-31 (D.N.M. 2006); *Gorman v. Experian Info. Sols., Inc.*, 2008 WL 4934047, at *6 (S.D.N.Y. Nov. 19, 2008).

68.     Defendants are aware of the shortcomings of their procedures and intentionally choose not to comply with the FCRA to lower their costs.  Accordingly, Defendants' violations of the FCRA were willful.

69.     As a result of Defendants' conduct, action, and inaction, Plaintiff suffered damage by loss of credit; loss of ability to purchase and benefit from his credit rating; detriment to her credit rating; the expenditure of time and money disputing and trying to correct the inaccurate credit reporting; the expenditure of labor and effort disputing and trying to correct the inaccurate credit reporting; and emotional distress including the mental and emotional pain, anguish, humiliation, and embarrassment of credit denials.

//

12

## COUNT I
### 15 U.S.C. § 1681e(b)
### Failure to Follow Reasonable Procedures to Assure Maximum Possible Accuracy
### (Against Defendants Equifax, Experian and Trans Union)

70. Plaintiff repeats and realleges the foregoing allegations as if set forth in full herein.

71. CRA Defendants violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit files it published and maintained concerning Plaintiff.

72. After CRA Defendants are on notice of a payment plan, they continued to prepare consumer reports with inaccurate information regarding Plaintiff's SST account.

73. CRA Defendants' conduct, actions, and inactions were willful, rendering them liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. Alternatively, they were negligent, entitling Plaintiff to recover under 15 U.S.C. § 1681o.

74. Plaintiff is entitled to recover attorneys' fees and costs from CRA Defendants in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

//

<h2 style="text-align:center"><u>COUNT II</u><br>15 U.S.C. § 1681i<br>Failure to Perform a Reasonable Reinvestigation<br>(Against Defendants Equifax, Experian and Trans Union)</h2>

75. Plaintiff repeats and realleges the foregoing allegations as if set forth in full herein.

76. CRA Defendants violated 15 U.S.C. § 1681i by failing to conduct reasonable reinvestigation(s) of Plaintiff's dispute(s) after Plaintiff notified them that, contrary to what was reported in Plaintiff's file, SST was bound by a payment plan and that Plaintiff made timely payments. Despite being on notice, CRA Defendants continued to report the inaccuracies regarding his SST account – which obviously stem from SST's failure to acknowledge the payment plan.

77. CRA Defendants' conduct, actions, and inactions were willful, rendering it liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. Alternatively, CRA Defendants' were negligent, entitling Plaintiff to recover under 15 U.S.C. § 1681o.

78. Plaintiff is entitled to recover attorneys' fees and costs from CRA Defendants in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

//

**COUNT III**
**15 U.S.C. § 1681s-2(b)**
**Failure to Conduct Investigate and Correct Reporting**
**(Against Defendant SST)**

79.     Plaintiff repeats and realleges the foregoing allegations as if set forth in full herein.

80.     Defendant SST violated 15 U.S.C. § 1681s-2(b) by failing to investigate Plaintiff's dispute(s), or otherwise by failing to fully and properly investigate Plaintiff's dispute(s); by failing to review all relevant information regarding the same; by failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the inaccurate information relating to Plaintiff to CRAs; and by failing to cease furnishing inaccurate information relating to Plaintiff to CRAs, including but not necessarily limited to the CRA Defendants.

81.     As a result of SST's violations, Plaintiff suffered actual damages including but not necessarily limited to loss of credit; loss of ability to purchase and benefit from Plaintiff's credit rating; detriment to Plaintiff's credit rating; the expenditure of time and money disputing and trying to correct the inaccurate credit reporting; the expenditure of labor and effort disputing and trying to correct the inaccurate credit reporting; and emotional distress including mental and emotional pain, anguish, humiliation, and other emotional harm cognizable under the FCRA.

82.     SST's violations were willful, rendering SST liable for actual and/or statutory damages, as well as punitive damages in an amount to be determined by the

Court, pursuant to 15 U.S.C. § 1681n.  Alternatively, these violations were negligent, entitling Plaintiff to recover under 15 U.S.C. § 1681o.

83.    Plaintiff is entitled to recover attorneys' fees and costs from SST in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for the following relief:

i.    Determining that each Defendant negligently and/or willfully violated the FCRA;

ii.   Awarding against each Defendant actual, statutory, and punitive damages as provided by the FCRA;

iii.  Awarding Plaintiff reasonable attorneys' fees and costs as provided by the FCRA;

iv.   Ordering each CRA Defendant to:

    a.  immediately and permanently (i) delete all inaccurate information from Plaintiff's credit reports and files, and (ii) cease reporting the inaccurate information to any and all persons and entities to whom the CRA Defendants reported consumer credit information; and

    b.  send updated and corrected credit report information to all persons and entities to whom the CRA Defendants reported inaccurate information about Plaintiff within the last three years; and

v.    Granting further relief, in law or equity, as this Court may deem appropriate and just.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable.

Dated: January 12, 2026

By: */s/ Andrew J. Gramajo*
Andrew J. Gramajo, CA # 338144
AJG LAW GROUP, PC.

16

25A Crescent Dr. #402
Pleasant Hill, CA 94523
T:(415) 638-9140
E: Andrew@Ajglawgroup.us

*Attorneys for Plaintiff,*
*Joseph E. Rutland*