Andrew J. Gramajo, CA # 338144
AJG LAW GROUP, PC.
25A Crescent Dr. 402
Pleasant Hill, CA 94523
T: (415) 638-9140
E: Andrew@Ajglawgroup.us

*Attorneys for Plaintiff*
*Joseph E. Rutland*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH E. RUTLAND, | Case No.: 3:26-cv-00164-W-BJW |
| Plaintiff, | |
| v. | **JOINT DISCOVERY PLAN** |
| EQUIFAX INFORMATION SERVICES, LLC, EXPERIAN INFORMATION SOLUTIONS, INC., TRANS UNION LLC, SYSTEM & SERVICES TECHNOLOGIES, INC., | |
| Defendants. | |

Pursuant to the Court's May 5, 2026 Notice and Order Setting Early Neutral Evaluation and Case Management Conferences (ECF No. 14) and Rule 26(f)(3) of the Federal Rules of Civil Procedure, Plaintiff Joseph E. Rutland ("Plaintiff") and Defendants Equifax Information Services, LLC ("Equifax"); Experian Information Solutions, Inc. ("Experian"); Trans Union, LLC ("Trans Union") (collectively, the "CRA Defendants"); and Systems & Services Technologies, Inc. ("SST"); (all

1

defendants collectively, "Defendants"), (together, the "Parties"), hereby submit this Joint Discovery Plan.

### I.   Fed. R. Civ. P. 26(f)(3) Discovery Plan

**(A)   What changes should be made in the timing, form, or requirement for disclosures under Rule 26(a), including a statement of when initial disclosures were made or will be made.**

The parties agree that there should be no changes made in the timing, form, or requirement for disclosures under Rule 26(a).   The deadline for the parties to exchange Initial Disclosures is **July 31, 2026.**

**(B)   The subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused on particular issues.**

  a. **Proposed Scheduling Deadlines:**

- o  Amending the Pleadings and Adding Parties: **July 13, 2026**

- o  Fact discovery cutoff: **January 13, 2027**

- o  Initial Expert Disclosure deadline: **February 12, 2027**

- o  Rebuttal Expert Disclosure deadline: **March 12, 2027**

- o  Expert discovery cutoff: **April 9, 2027**

- o  Dispositive Motions Deadline: **May 7, 2027**

- o  Witness Disclosure Deadline: **September 24, 2027**

- o  Final Pretrial Conference: **October 20, 2027**

- o  Trial date: **October 29, 2027**

**b. Discovery Subjects:**

**<u>Plaintiff's Statement:</u>**

Plaintiff anticipates conducting discovery on the following subjects:

- o The circumstances surrounding Defendant's collection, verification, furnishing, and reporting of the consumer information at issue in this case in compliance with 15 U.S.C. § 1681e(b);

- o The circumstances surrounding Defendants' reporting of the alleged delinquency, charge-off status, past due balance, payment history, and account status associated with Plaintiff's account;

- o The modification of Plaintiff's loan;

- o The circumstances surrounding the transfer of servicing of Plaintiff's loan from Goldman Sachs to Defendant SST, including the implementation and maintenance of Plaintiff's modified payment agreement;

- o Defendant SST's policies and procedures utilized to conduct a reasonable investigation of the information disputed by a consumer in compliance with 15 U.S.C. § 1681s-2(b);

- o The CRA Defendants' policies and procedures utilized to conduct a reasonable reinvestigation of the information disputed by a consumer in compliance with 15 U.S.C. § 1681i(a)(1)(A);

3

o The CRA Defendants' policies and procedures utilized to promptly delete inaccurate information from the file of the consumer, or modify that item of information, as appropriate, based on the results of the reinvestigation in compliance with 15 U.S.C. § 1681i(a)(5)(A)(i);

o Defendants' policies and procedures utilized to review all relevant information submitted by Plaintiff in support of his disputes;

o Defendants' policies and procedures utilized to assure compliance with their respective duties conferred under the FCRA, as applicable;

o Defendants' maintenance, preparation, furnishing, and publication of Plaintiff's alleged consumer reports and account information;

o Defendants' communications with one another and with third parties concerning Plaintiff, Plaintiff's disputes, Plaintiff's account, and/or Plaintiff's consumer file;

o Defendants' policies and procedures governing the reporting of charged-off accounts, delinquency dates, payment histories, balances, and account statuses;

o The CRA Defendants' use of Automated Consumer Dispute Verification ("ACDV") procedures and the extent to which the CRA Defendants independently investigated Plaintiff's disputes;

o The circumstances surrounding Plaintiff's alleged credit denials,

diminished creditworthiness, inability to obtain financing, and housing-related difficulties caused by Defendants' inaccurate reporting;

o Defendant's policies and procedures governing all of the foregoing; and

o Third party discovery necessary to establish causation and damages.

Plaintiff does not believe that discovery should be completed in phases nor limited to or focused on a particular issue.

**Defendant SST's Statement:**

SST anticipates conducting discovery on the following subjects:
- Plaintiff's communications with SST and other third parties regarding the unsigned loan modification agreement.
- Plaintiff's alleged damages, including each category of alleged damages, the amount of alleged damages, and the factual and legal basis and support for all alleged damages.
- Documents and communications regarding the credit card application denial referenced in the complaint.
- Documents and communications regarding the auto-financing denial referenced in the complaint.
- Documents and communications regarding the alleged denial of housing.
- Plaintiff's consumer reports.
- Documents and communications related to Plaintiff's alleged disputes to CRAs.

**(C)    Any issues about disclosure, discovery, or preservation of electronically stored information, including the form or forms in which it should be produced.**

The parties agree that the documents may be produced in PDF format, and ESI is not necessary in this case.

**(D)    What changes should be made in the limitations on discovery imposed under the Fed. R. Civ. Pro. or by local rule, and what other limitations should be imposed.**

The parties do not agree on changes or limitations on the discovery imposed under the Federal Rules of Civil Procedure or Local Rules of this Court. Plaintiff believes that there should be no changes or deviation from the Federal Rules of Civil Procedure or Local Rules of this Court concerning limitations on discovery.

It is SST's position that requests for production should be limited in this case to ensure that discovery remains proportional to the needs of this case. Plaintiff's counsel has already propounded 35 requests for production before the early neutral evaluation. SST requests a limitation on the number of requests for production to be protected from undue burden, harassment, and unnecessary expense.

**(E)    Electronic service:**

The parties agree that pursuant to Rules 5(b)(2)(E) and 6(d) of the Federal Rules of Civil Procedure any pleadings or other papers may be served by sending such documents by email to the email address(es) listed below (or any updated email address provided to all counsel of record). The format to be used for attachments to any email message shall be Microsoft Word (.doc) or Adobe Acrobat (.pdf).  If an error or delayed delivery message is received by the sending party, that party shall promptly (within one business day of receipt of such message) notify the intended recipient of the message and serve the pleading or other papers by other authorized means.

| **Party** | **Email Service Address(es)** |
| --- | --- |
| Plaintiff Joseph E. Rutland | Yaear Weintroub (yweintroub@consumerattorneys.com) Andrew J. Gramajo (Andrew@Ajglawgroup.us) Irina Iakovleva (iiakovleva@consumerattorneys.com) Amelia Ducat (aducat@consumerattorneys.com) |
| Defendant SST | Katalina Baumann (katalina.baumann@troutman.com) Erin Edwards (erin.edwards@troutman.com) Jessica Majkowski (jessica.majkowski@troutman.com) |

## II.    Additional Items Required by the Court's Order

**(i)    Service:** A statement as to whether any parties remain to be served and, if so, a proposed deadline for service;

All Parties to this action have been served.

**(ii)    Amendment of Pleadings:** The extent to which parties, claims, or defenses are expected to be added or dismissed and a proposed deadline for amending the pleadings;

Adding Parties and Amending Pleadings before **July 13, 2026.**

**(iii)    Protective Order:** Whether a protective order is contemplated to cover the exchange of confidential information and, if so, the date by which the proposed order will be submitted to the Court;

The Parties anticipate submitting a proposed Stipulated Protective Order pursuant to Fed. R. Civ. P. 26(c) before the scheduled Early Neutral Evaluation ("ENE") on **June 22, 2026.**

**(iv)    Privilege:** The procedure the parties plan to use regarding claims of privilege and whether an order pursuant to Fed. R. Evid. 502 will be sought;

The parties agree that if a receiving party believes that privileged or protected material may have been inadvertently disclosed or produced, said party will advise the producing party and proceed as required if such party asserts inadvertent disclosure.  The parties agree that the recall, sequester, or return of any privileged or protected material is without waiver of the right to contest the claim of privilege or protection.  The parties agree the mere fact of an inadvertent disclosure is not sufficient to waive any claim of privilege or protection.  Before any party makes a motion to compel or challenges the claim of privilege, protection, or inadvertence of production or disclosure, the parties shall meet and confer regarding the challenge and attempt to find a way to resolve the dispute.  The parties intend for their agreement to be considered an order pursuant to Federal Rule of Evidence 502(d).  The parties agree that the standard Federal Rule of Evidence 502(b) applies to resolve any dispute about the inadvertence of a production or disclosure.

The parties anticipate that there will be a need for some discovery in this case to be governed by a protective order.  The parties shall confer and then submit a jointly proposed protective order to the Court.  The jointly proposed protective order shall include, in the first paragraph, a concise but sufficiently specific recitation of the particular facts in this case that would

provide the court with an adequate basis upon which to make the required finding of good cause pursuant to Fed. R. Civ. P. 26(c). If the parties disagree concerning the scope or form of a protective order, the party or parties seeking such an order shall file an appropriate motion and supporting memorandum.

**(v)    Related Cases:** Any related cases or proceedings pending before another judge of this court, or before another court or administrative body.

None.

Dated: June 15, 2026

/s/ Yaear Weintroub
Yaear Weintroub (NY Bar No. 153431)
Pro Hac Vice Admitted
CONSUMER ATTORNEYS
68-29 Main Street
Flushing NY 11367
T: (718) 576-1863
F: (718) 247-8020
E: yweintroub@consumerattorneys.com

Andrew J. Gramajo, CA # 338144
AJG LAW GROUP, PC.
25A Crescent Dr. #402
Pleasant Hill, CA 94523
T:(415) 638-9140
E: Andrew@Ajglawgroup.us

*Attorneys for Plaintiff*
*Joseph E. Rutland*

/s/ Jessica T. Majkowski
TROUTMAN PEPPER LOCKE LLP
Katalina Baumann (SBN 278606)
katalina.baumann@troutman.com
100 Spectrum Center Drive, Suite 1500
Irvine, CA 92618
Telephone: 949.622.2700
Facsimile: 949.622.2739

Jessica T. Majkowski
*(Admitted pro hac vice)*
Jessica.majkowski@troutman.com
111 S. Wacker Drive, Suite 4100
Chicago, IL 60606
Telephone: 312.443.0700
Facsimile: 312.443.0336

*Attorneys for Defendant*
*Systems & Services Technologies, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on June 15, 2026, I electronically filed the foregoing with the Clerk of the Court using the ECF system, which will send notice of such filing to all attorneys of record in this matter. Since none of the attorneys of record are non-ECF participants, hard copies of the foregoing have not been provided via personal delivery or by postal mail.

*/s/ Amelia Ducat*